**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Thomas M. Walsh (twalsh@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Proposed Attorneys for Debtors and Debtors-in-Possession*

<table>
<tr><td colspan="2" align="center">UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY</td></tr>
<tr><td>In re:<br><br>HAJJAR BUSINESS HOLDINGS, LLC, <em>et al.</em>,[1]<br><br><br><br>Debtors.</td><td>Chapter 11<br><br>Case No. 20-12465 (JKS)<br><br>(Joint Administration Pending)[2]</td></tr>
</table>

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 1015 DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

TO:    **HONORABLE JOHN K. SHERWOOD**
       **UNITED STATES BANKRUPTCY JUDGE**

---

[1] The Debtors in these chapter 11 cases, along with their case numbers and the last four digits of each Debtor's taxpayer identification number are as follows:  Hajjar Medical Office Building of Wayne, LLC (2608) (Case No. 20-12464-JKS); Hajjar Business Holdings, LLC (9371) (Case No. 20-12465-JKS); Hajjar Medical Office Building of Roseland, LLC (0506) (Case No. 20-12466-JKS); Hajjar Medical Building of Carlstadt, LLC (9831) (Case No. 20-12467-JKS); Hajjar Medical Office Building of Fairlawn, LLC (8256) (Case No. 20-12468-JKS); Hajjar Medical Office Building of Glen Rock, LLC (2638) (Case No. 20-12469-JKS); Hajjar Medical Office Building, LLC (6934) (Case No. 20-12470-JKS); Hajjar Medical Office Building of Hackensack, LLC (4021) (Case No. 20-12471-JKS); Hajjar Medical Office Building of Jersey City, LLC (6457) (Case No. 20-12472-JKS); Hajjar Warehouse of Hackensack, LLC (0093) (Case No. 20-12473-JKS); Hajjar Medical Office Building of Mount Kisco, LLC (0290) (Case No. 20-12474-JKS); Hajjar Office Building of Miramar, LLC (9467) (Case No. 20-12475-JKS); and Hajjar Medical Office Building of New Brunswick, LLC (6376) (Case No. 20-12476-JKS); HMOB of Mt. Kisco Owner, LLC (8251) (Case No.20-12540-JKS); HMOB of New Brunswick Owner, LLC (8560) (Case No. 20-12549-JKS); HMOB of Roseland Owner, LLC (xxxx) (Case No. 20-12552-JKS); HMOB of Jersey City Owner, LLC (8644) (Case No. 20-12557-JKS); HMOB of Carlstadt Owner, LLC (8378) (Case No. 20-12553-JKS); HMOB of Fair Lawn 15-01 Broadway Owner, LLC (xxxx) (Case No. 20-12536-JKS); HMOB of Fair Lawn Owner, LLC (0822) (Case No. 20-12547-JKS); HMOB of Glen Rock Owner, LLC (4671) (Case No. 20-12545-JKS); HMOB of Hackensack Office Owner, LLC (8445) (Case No. 20-12555-JKS); HMOB of Hackensack Warehouse Owner, LLC (3721) (Case No. 20-12556-JKS); HMOB of Miramar Owner, LLC (9467) (Case No. 20-12543-JKS); HMOB of Oradell Owner, LLC (4779) (Case No. 20-12551-JKS); HMOB of Wayne Owner, LLC (9177) (Case No. 20-12550-JKS)

[2] Chapter 11 bankruptcy petitions for the above debtors were filed on February 13 and 14, 2020.  The Debtors are filing a motion for joint administration of all cases.

Hajjar Business Holdings, LLC; Hajjar Medical Office Building, LLC; Hajjar Medical Office Building of Carlstadt, LLC; Hajjar Medical Office Building of Hackensack, LLC; Hajjar Medical Office Building of Jersey City, LLC; Hajjar Warehouse of Hackensack, LLC; Hajjar Medical Office Building of Fairlawn, LLC; Hajjar Medical Office Building of Glen Rock, LLC; Hajjar Medical Office Building of Wayne, LLC; Hajjar Medical Office Building of Roseland, LLC; Hajjar Medical Office Building of New Brunswick, LLC; Hajjar Medical Office Building of Mount Kisco, LLC; and Hajjar Medical Office Building of Miramar, LLC (collectively, the "**Operating Debtors**"); HMOB Wayne Owner, LLC; HMOB of Oradell Owner, LLC; HMOB of Carlstadt Owner, LLC; HMOB of Hackensack Office Owner, LLC; HMOB of Hackensack Warehouse Owner, LLC; HMOB of New Brunswick Owner, LLC; HMOB of Roseland Owner, LLC; HMOB of Jersey City Owner, LLC; HMOB of Fair Lawn Owner, LL; HMOB of Glen Rock Owner, LLC; HMOB of Fair Lawn 15-01 Broadway Owner, LLC; HMOB of Mt Kisco Owner, LLC; HMOB of Miramar Owner, LLC (collectively, the "**Owner Debtors**") ("Operating Debtors" and "Owner Debtors" are herein collectively referred to as the "**Debtors**"), Chapter 11 debtors/debtors-in-possession (the "Debtors") hereby submit this application in support of Debtors' Motion for an Order Pursuant to Bankruptcy Rule 1015 Directing Joint Administration of the Debtors' Chapter 11 Cases (the "Motion").

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on

2

September 18, 2012 (Simandle, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.        Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.        The statutory predicate for relief sought herein is Bankruptcy Rule 1015.

## BACKGROUND

4.        On February 13, 2020, each of the Operating Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Operating Debtors are landlords.

5.        On February 14, 2020, each of the Owner Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.        The Debtors continue to operate their businesses as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no trustee, examiner, or committee has been appointed in the Debtors' Chapter 11 cases.

7.        Dr. John Hajjar[3] is the sole and/or managing member of either all or part of the limited liability company membership interest of the Debtors, but for the following:  John Peterson has a fifty percent ownership in HMOB of Jersey City and HMOB of Wayne, and he holds a twenty-five percent ownership in HMOB of Glen Rock; John Hajjar owns fifty percent of HMOB of Fair Lawn while Andranik Howhanessian, Lee Berger, and Bryan Massoud own the remaining fifty percent.

---

[3] A more detailed history and description of the Debtors and their operations, together with the reasons for their chapter 11 filing, are set forth in the Declaration of Dr. John H. Hajjar in Support of First Day Matters (the "Hajjar Declaration"), which is incorporated herein as if set forth in its entirety.

3

4840-3040-4788, v. 1

## RELIEF REQUESTED AND BASIS THEREFOR

8.      By this Motion, the Debtors request an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015.

9.      The Debtors submit that in light of their affiliated status and interrelated business operations, the joint handling of the administrative matters respecting these cases–including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors–will aid in expediting these Chapter 11 cases and rendering their administration more efficiently and economically.

10.     The Debtors' cases should be jointly administered because joint administration will obviate the need for duplicative notices, motions, applications, and orders; thereby saving considerable time and expense for the Debtors and their estates. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).

11.     Section 101(2) provides, in relevant part, "(2) The term "affiliate" means— (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor."  11 U.S.C. § 101(2).  Section 102(2) further provides that an affiliate is "(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement."  Fed. R. Bankr. P. 1015(b).

12.     In addition, the Debtors are affiliates as that term is defined in Bankruptcy Code section 101(2) by reason of their parent/subsidiary relationship.  See 11 U.S.C. § 101(2).  Accordingly, this Court is authorized to grant the relief requested herein.

4840-3040-4788, v. 1

13.     Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. See In re Hemingway Transp., 954 F.2d 1, 11 (1st Cir. 1992); In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986).

14.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in numerous and duplicative filed pleadings to be served upon separate service lists.  Such duplication of substantially identical documents would be extremely wasteful.

15.     Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties-in-interest.  Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 case will be apprised of the various matters before this Court in the other cases.

16.     The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 cases because each creditor may still file its claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases.  This Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

17.     The Debtors also submit that supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee for the District of New Jersey (the "United States Trustee") will be simplified.

18.     The Debtors submit that joint administration of their Chapter 11 cases is in their best interests as well as the best interests of their creditors and all other parties-in-interest.  The

Debtors, therefore, request that the official caption to be used by all parties in all pleadings in the

jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| HAJJAR BUSINESS HOLDINGS, LLC, *et al.*,[4] | Case No. 20-12465 (JKS) |
| | (Jointly Administered) |
| Debtors. | |

**WAIVER OF MEMORANDUM OF LAW**

19.     The Debtors respectfully request that the Court waive the requirement to file a

separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon

which the Debtors rely is incorporated herein, and the Motion does not raise any novel issues of

law.

---

[4] The Debtors in these chapter 11 cases, along with their case numbers and the last four digits of each Debtor's taxpayer identification number are as follows:  Hajjar Medical Office Building of Wayne, LLC (2608) (Case No. 20-12464-JKS); Hajjar Business Holdings, LLC (9371) (Case No. 20-12465-JKS); Hajjar Medical Office Building of Roseland, LLC (0506) (Case No. 20-12466-JKS); Hajjar Medical Building of Carlstadt, LLC (9831) (Case No. 20-12467-JKS); Hajjar Medical Office Building of Fairlawn, LLC (8256) (Case No. 20-12468-JKS); Hajjar Medical Office Building of Glen Rock, LLC (2638) (Case No. 20-12469-JKS); Hajjar Medical Office Building, LLC (6934) (Case No. 20-12470-JKS); Hajjar Medical Office Building of Hackensack, LLC (4021) (Case No. 20-12471-JKS); Hajjar Medical Office Building of Jersey City, LLC (6457) (Case No. 20-12472-JKS); Hajjar Warehouse of Hackensack, LLC (0093) (Case No. 20-12473-JKS); Hajjar Medical Office Building of Mount Kisco, LLC (0290) (Case No. 20-12474-JKS); Hajjar Office Building of Miramar, LLC (9467) (Case No. 20-12475-JKS); and Hajjar Medical Office Building of New Brunswick, LLC (6376) (Case No. 20-12476-JKS); HMOB of Mt. Kisco Owner, LLC (8251) (Case No.20-12540-JKS); HMOB of New Brunswick Owner, LLC (8560) (Case No. 20-12549-JKS); HMOB of Roseland Owner, LLC (xxxx) (Case No. 20-12552-JKS); HMOB of Jersey City Owner, LLC (8644) (Case No. 20-12557-JKS); HMOB of Carlstadt Owner, LLC (8378) (Case No. 20-12553-JKS); HMOB of Fair Lawn 15-01 Broadway Owner, LLC (xxxx) (Case No. 20-12536-JKS); HMOB of Fair Lawn Owner, LLC (0822) (Case No. 20-12547-JKS); HMOB of Glen Rock Owner, LLC (4671) (Case No. 20-12545-JKS); HMOB of Hackensack Office Owner, LLC (8445) (Case No. 20-12555-JKS); HMOB of Hackensack Warehouse Owner, LLC (3721) (Case No. 20-12556-JKS); HMOB of Miramar Owner, LLC (9467) (Case No. 20-12543-JKS); HMOB of Oradell Owner, LLC (4779) (Case No. 20-12551-JKS); HMOB of Wayne Owner, LLC (9177) (Case No. 20-12550-JKS)

6

**NO PRIOR REQUEST**

20.     No previous motion for the relief sought herein has been made to this or to any

other court.

**NOTICE**

21.     No trustee, examiner, or committee of unsecured creditors has been appointed in

the Debtors' Chapter 11 cases.  Notice of this Motion has been given to (i) the Office of the United

States Trustee for the District of New Jersey; (ii) all secured creditors; (iii) each of the Debtors'

twenty largest unsecured creditors; and (iv) parties who have entered notices of appearance and

requests for service of pleadings in the Debtors' Chapter 11 cases pursuant to Bankruptcy Rule

2002.  In light of the nature of the relief requested herein, the Debtors submit that no further notice

is required.

**CONCLUSION**

22.     For the foregoing reasons, Debtors respectfully request an order, in substantially

the form submitted herewith, granting the relief requested in the Motion and such other and further

relief as may be just and proper.

Respectfully submitted,

**McMANIMON, SCOTLAND & BAUMANN, LLC**

*Proposed Attorneys for Debtors and
Debtors-in-Possession*

Dated:  February 18, 2020          By:     */s/ Anthony Sodono, III*
                                            ANTHONY SODONO, III

4840-3040-4788, v. 1